UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | REPORT AND RECOMMENDATION |
| v. | |
| ARKADY MALAKHOV, | 22-CR-6093-FPG-MJP-1 |
| Defendant. | |

---

## APPEARANCES

For the United States:   Melissa M. Marangola
U.S. Attorney's Office - Rochester
100 State Street
Rochester, NY 14614

For the Defendant:   Jeffrey L. Ciccone
Federal Public Defender
28 East Main Street
Suite 400
Rochester, NY 14614

## INTRODUCTION

**Pedersen, M.J.** In an indictment filed on July 14, 2022 ("Indictment"), the Grand Jury charged defendant Arkady Malakhov ("Defendant") with six counts including: (1) having devised and intending to devise, a scheme and artifice to defraud NSF, and for obtaining money and property from NSF by means of false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds for the purposes of executing such scheme and artifice in violation of 18 U.S.C. §§ 1343 &2 (Count 1); False Document–False Funding Agreement Certification in violation of 18 U.S.C. § 1001(a)(3) (Count 2); False

1

Document–July 11, 2017, Payment Request in violation of 18 U.S.C. § 1001(a)(3) (Count 3); False Document–August 30, 2017, Payment Request in violation of 18 U.S.C. § 1001(a)(3) (Count 4); Concealment of Material Fact–October/November 2017 Email Conversation in violation of 18 U.S.C. § 1001(a)(1) (Count 5); and False Document–June 2018 False Accounting Expenditures in violation of 18 U.S.C. § 1001(a)(3) (Count 6). (Indictment, Jul. 14, 2022, ECF No. 31.)

On June 2, 2023, Defendant filed an omnibus discovery motion. (ECF No. 67.) The government submitted a response to Defendant's omnibus motion on June 13, 2023. (ECF No. 68.) On June 22, 2023, the undersigned heard oral argument on the omnibus motion. The undersigned issued a decision on all the issues raised in Defendant's omnibus motion, except that he reserved on the following:

1. motion to sever Count 6 as Defendant alleges that the offenses charged in Counts One through Five are not of the same or similar nature as the offense charged in Count 6; and
2. The government's motion to compel disclosure of the substance of attorney advice and all related discovery.

(Omnibus Order, Jun. 28, 2023, ECF No. 70.)

After hearing oral argument and reviewing all motion papers, the undersigned recommends that the District Judge deny Defendant's motion to sever Count 6. In addition, the undersigned takes no action on the government's motion to compel disclosure of attorney advice and related documents as the government indicated during oral argument that it does not seek any relief related to that motion at this time.

## STANDARD OF LAW

On July 14, 2022, the Honorable Frank P. Geraci, Jr. referred this case to the undersigned to address, in relevant part, all pre-trial matters, including all pre-trial matters that a Magistrate Judge may hear and determine pursuant to 28 U.S.C. Section 636(b)(1)(A), and those which a Magistrate Judge may hear and thereafter file a report and recommendation for disposition pursuant to Section 636(b)(1)(B). (Text Order of Referral, Jul. 14, 2022, ECF No. 33.)

## DISCUSSION

For this Report and Recommendation, the undersigned has reviewed and considered the following: Defendant's omnibus motion (ECF No. 67); the government's response in opposition (ECF No. 68); and proffers made at oral argument, held before the undersigned on June 22, 2022.

### *Findings of Fact Regarding Defendant's Motion to Sever Count 6.*

To understand the parties' arguments it is first necessary to provide some background on the specific grants at issue. The Small Business Innovation Research ("SBIR") program is a grant program administered by the National Science Foundation ("NSF")[1] (Indictment ¶¶ 2–3.) According to the Indictment, the SBIR program is structured in three phases, with eligible applicants having the ability to receive up to $250,000 in grant money for the purpose of aiding small businesses in researching and developing their innovation to determine whether it is technically feasible. (*Id.* ¶ 3.) The grant money is awarded based upon budgetary submissions

---

[1] The NSF "was an independent agency of the United States Government that supported fundamental research in the fields of science and engineering through grants and other means." (Indictment ¶ 2.)

3

from the applicant showing the needs of the small business for phase 1. (*Id.* ¶ 4.) Phase 1 participants are also required to meet specified eligibility requirements and terms and conditions. (*Id.*) In addition, the Principal Investigator ("PI") is required to be "primarily employed by the small business at the time of the grant award and must have a legal right to work for the small business in the United States." (*Id.* ¶ 5.)

In addition, pursuant to the Indictment "[t]he U.S. Department of Energy ("DOE") was a department of the United States Government supporting research in the field of energy through grants and other means." (*Id.* ¶ 6.) Further, DOE participates in a congressionally-mandated program called the Small Business Technology Transfer ("STRR") program, which was "established to bridge the gap between performance of basic science and the commercialization of resulting innovations."[2] (*Id.* ¶ 7.) Under the STRR program, a business must partner with a nonprofit research institution, such as a university, when working on its project. (*Id.*) With respect to the STRR program the PI "may be primarily employed by the small business or research institution." (*Id.*)

In the context of that backdrop, Defendant seeks to sever Count Six from the other counts in the Indictment arguing that it was improperly joined under Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 8(a) because the fraud offenses charged in Counts 1 through 5 are related to Defendant's business, Solid Cell Inc.'s ("Solid Cell") application for and receipt of an SBIR grant from NSF. (Ciccone Aff. ¶ 19, ECF No. 67.) Defendant contends that the alleged fraud in connection with those

---

[2] In its opposition papers the government asserts that both the NSF and the DOE administer the STTR program. (Gov't Resp. at 2, ECF No. 68.)

offenses stems from the PI's certification that he was "ready, able and willing to work on the proposed project" at the time Solid Cell applied for and received the grant funds, which the government asserts was not accurate. (*Id.* ¶ 20.) With respect to Count 6, however, Defendant contends that it relates to a spreadsheet produced pursuant to a subpoena issued by the Office of the Inspector General ("OIG") during the investigation into Counts 1 through 5, but that Solid Cell submitted the spreadsheet in connection with a prior grant received from DOE. (*Id.*) It is alleged that the spreadsheet in question shows Defendant falsely represented that Solid Cell paid an outstanding balance due to the University of Rochester that the government contends it did not pay. (*Id.* ¶¶ 20 & 23.)

In the alternative, if the undersigned finds that Count 6 was properly joined, Defendant contends that the Court should exercise its discretion to sever Count 6 pursuant to Fed. R. Crim. P. 14 because "other than the spreadsheet having been turned over in response to a subpoena relating to the NSF investigation, all factual evidence relating to Count Six are [sic] separate and apart from the factual evidence underlying Counts One through Five." (Ciccone Aff. ¶¶ 18 & 23, ECF No. 67.) In other words, Defendant contends that he will suffer spillover prejudice if the Court permits the suggestion of a separate fraud involving the subpoenaed spreadsheet related to the DOE grant. (*Id.* ¶ 24.)

The government contends that "[t]he violation in Count 6 is identical to Counts 2, 3 & 4 and is based on a common scheme to steal grant money from federal programs." (Gov't Resp. at 8.) The government further contends that the only difference is that Counts 1 through 5 allege fraud in connection with an NSF grant,

5

whereas Count 6 alleges fraud in connection with a grant issued by both NSF and DOE. (*Id.*) The government asserts that all counts in the Indictment involve grants that were created to fund research and development of projects of small businesses and that Defendant followed a similar process in applying for both grants, signing and submitting them on behalf Solid Cell as its CEO. (*Id.*) Further, the funds for both grants were deposited into the same bank account, to which Defendant had access. (*Id.*)

The government also contends that it will utilize similar evidence to prove all counts in the Indictment, including testimony from both NSF Special Agent Macedonia and a forensic accountant who analyzed Solid Cell's bank account that received the funds from both grants. (*Id.* at 8–9.) Investigator Macedonia is expected to testify about NSF, DOE, and each program's grant process, including how they can issue joint grants and how NSF participated in both the SBIR and STTR programs. (*Id.* at 8–9.) He is further expected to testify about the requirements one applying for the grants must meet, including but not limited to providing an accounting of how and when the company spends grant funds. (*Id.*) In addition, he will testify about what expenditures are permissible for the grant funds. (*Id.*) Moreover, Investigator Macedonia is expected to testify about the investigation into Defendant's alleged fraudulent activity related to the SBIR and STTR grants, including Defendant's financial authority at Solid Cell during the period of the grants and the expenditures of the grants. (*Id.* at 9.) The government further contends that Investigator Macedonia will testify about the records Defendant produced in response to NSF's subpoena. (*Id.*)

The government also asserts that Defendant's argument that he will suffer spillover prejudice is unsupported and vague, providing no details as to why Defendant would suffer any such prejudice if Count 6 is not severed. (*Id.*) Finally, the government contends that Defendant's argument that he will suffer prejudice if Count 6 is not severed is moot because the government will likely be able to present all evidence underlying Count 6 under Federal Rule of Evidence 404(b) even if it is severed. (*Id.*) The government asserts that Defendant's "most logical defense is mistake or lack of intent," which would place Defendant's intent "squarely at issue at trial." (*Id.* at 10.) More specifically, the government contends that it would introduce the alleged fraudulent spreadsheet that Defendant provided to the NSF OIG to demonstrate his intent to commit fraud and to conceal his alleged crimes. (*Id.*)

***Legal Conclusions Regarding Defendant's Motion to Sever Count 6.***

Fed. R. Crim. P. 8(a) provides as follows:

> **Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The Second Circuit has provided that "[j]oinder is proper where the same evidence may be used to prove each count or if the counts have a sufficient logical connection" *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (internal quotations and citations omitted); *United States v. Evans*, No. 09-CR-376A(Sr), 2010 WL 1875748, at *3 (W.D.N.Y. May 10, 2010). Thus, the plain language of Rule 8 "provides that joinder is proper not only when multiple alleged crimes are of 'the 'same" character but also' when multiple alleged crimes are of a 'similar' character."

7

*United States v. Krug*, 198 F. Supp. 3d 235, 248 (W.D.N.Y. 2016) (quoting *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980)). The Second Circuit has "interpreted Rule 8(a) as providing a liberal standard for joinder of offenses," *U.S. v. Wilson*, 512 F. App'x 75, 76 (2d Cir. 2013), *cert. denied* 133 S. Ct. 2876 (Jun. 24, 2013), and "reflects a policy determination that gains in trial efficiency outweigh the recognized prejudice that accrues to the accused." *United States v. Turoff*, 853 F.2d 1037, 1042 (2d Cir. 1988).

Even if offenses are properly joined, in some circumstances severance may be warranted. Rule 14(a) provides that where joinder of offenses for trial "appears to prejudice a defendant or the government, the court may order separate trials of counts, . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "It is thus not sufficient to show a likelihood that a separate trial would . . . benefit[ ] the defendant." *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990). "Rather, there must . . . be[ ] prejudice so substantial as to amount to a 'miscarriage of justice.'" *Id.*, (quoting *United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987)). "Such a showing is unlikely where 'proof at separate trials would largely overlap.'" *United States v. Brozyna*, 571 F.2d 742, 747 (2d Cir. 1978), (quoting *United States v. McGrath*, 558 F.2d 1102, 1106 (2d Cir. 1977)). In other words, "[u]nfair prejudice does not result if evidence admissible to prove each charge is also admissible to prove the other charge." *United States v. Peoples*, 748 F.2d 934, 936 (4th Cir. 1984). "Moreover, Rule 14 does not require severance even if prejudice is shown." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). Additionally, Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* at 539.

Accordingly, "less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice" and permit joinder. *Id.*

Finally, Federal Rule of Evidence 404(b) provides that while evidence of any other crime, wrong, or act of a defendant is not admissible to prove a person's character in an attempt to demonstrate that the defendant acted in accordance with that character on a particular occasion, it also provides that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

The undersigned finds that Count 6 was properly joined in the Indictment under Fed. R. Civ. P. 8(a). In reviewing the standard for joinder under Fed. R. Crim. P. 8(a), the undersigned believes that the conduct alleged in Counts 1 through 5 and that alleged in Count 6 are, at the very least, of similar character and perhaps part of an alleged common scheme to steal grant money such that the same or similar evidence could be used to prove all counts—indeed, the government states that "Count 6 is identical to Counts 2, 3, and 4." (Gov't Resp. at 8, ECF No. 68.) Counts 2, 3, 4 and 6 all charge Defendant with creating a false document in connection with the grants. Such similar evidence will likely include demonstrating the similar processes in applying for both grants, evidence that Defendant, as CEO of Solid Cell, had access to the fund for both grants, and that the funds for both grants were deposited into the same bank account.

Further, while Defendant contends that the SBIR grant from NSF is completely separate from the previous STRR grant from DOE, the government

9

represents in its papers that both NSF and DOE issued the STRR grant, creating a common thread of allegedly defrauding NSF, in particular, of grant money.

Moreover, the undersigned does not find that Defendant would suffer spillover prejudice such that the undersigned should recommend that the District Judge utilize discretion to sever Count 6. Several factors favor trying all six counts together, including that federal courts have a preference for joint trials based on the efficiency of trying multiple counts at once. *Krug*, 198 F. Supp. 3d at 251. In addition, its appears that NSF Special Agent Macedonia would be required to testify regarding all counts as the government represented that he is expected to provide testimony regarding the NSF's interest in both the SBIR and STTR programs. It further appears that a forensic accountant will testify regarding the bank account that received the funds from both grants. It would certainly be inefficient for these witnesses to have to testify more than once, providing the same or similar testimony each time. The same would be true of any witnesses whose testimony Defendant might offer.

Further, while Defendant does make the cursory argument that "[t]he suggestion of a separate fraud involving the DOE document will have a prejudicial spillover effect such that Count Six should be tried separately," (Ciccone Aff. ¶ 24, ECF No. 67), he does not provide any plausible explanation as to why this would prejudice him. As provided by the Supreme Court, the trial judge could give appropriate limiting instructions to the extent that there is any risk that the jury could consider evidence presented in support of Counts 1 through 5 to infer guilt on Count 6, or vice versa. *Zafiro*, 506 U.S. at 536. ("[Rule 14] leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.")

Finally, a joint trial may be appropriate if, as the government contends, it is permitted to use evidence pertaining to Count 6 to help prove the other counts, and vice versa under Federal Rule of Evidence 404(b). *See United States v. Nance*, 168 F. Supp. 3d 541, 553 (W.D.N.Y. 2016) ("[F]or purposes of Rule 14(a), a defendant cannot be unfairly prejudiced by evidence the Government offers to prove the crimes with which the defendant is charged."). However, this is better resolved by the District Judge closer to trial when the Court can more accurately evaluate the potentially-prejudicial nature of the Rule 404(b) evidence in light of its probative value. *See United States v. Levy*, 731 F.2d 997, 1002 (2d Cir. 1984) ("When the court has determined that the evidence is admissible under Rule 404(b), it must then balance the probative value of the evidence against its prejudicial impact to determine if the evidence is excludable under Rule 403."). Based upon the forgoing, the undersigned recommends that the District Judge deny Defendant's motion to sever Count 6.

***Findings of Fact Regarding the Government's Request for an Order Compelling Disclosure of the Substance of Attorney Advice and All Related Discovery.***

In its response papers, the government requests an order from the Court compelling Defendant to disclose the substance of attorney advice and all related discovery. (Gov't Resp. at 14, ECF No. 68.) The government contends that it anticipates Defendant may assert the "advice-of-counsel" defense because he provided the government with an affidavit from his attorney that detailed the advice received from counsel regarding the grant applications. (*Id.*) Accordingly, the government asserts that Defendant should "be required to provide prompt notice of his intention to assert any advice-of-counsel defense and to produce discovery to the

11

government relating to any such defense, including attorney-client and attorney work product documents and any documents that might impeach or undermine such a defense, no later than one month prior to trial." (*Id.*)

During oral argument, the undersigned asked the government what is was seeking from the Court in this respect and the government indicated that it was not actually seeking any relief from the Court at this time, and further indicated that it believed this issue can be deferred to the District Judge.

***Conclusions of Law Regarding the Government's Request for an Order Compelling Disclosure of the Substance of Attorney Advice and All Related Discovery.***

Given the government's representation that it is not currently seeking any relief from the undersigned regarding compelling disclosure of the substance of attorney advice or any related documents and that the government may be seeking relief from the District Judge related to this issue, the undersigned will not render any recommendation on this issue.

## CONCLUSION

Based upon the forgoing, the undersigned recommends that the District Judge:

a. deny that aspect of Defendant's motion seeking to sever Count 6 from the remaining counts in the Indictment; and

b. the undersigned takes no position on the government's request for an order compelling Defendant to disclose the substance of attorney advice and all related discovery as the government indicated at oral argument that it does not seek any such relief at this time.

(ECF No. 67.)

12

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[7]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

IT IS SO ORDERED.

DATED:   August 10, 2023
         Rochester, New York

*[signature]*
MARK W. PEDERSEN
United States Magistrate Judge