UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                   Case # 22-CR-6093

v.

                   ORDER

ARKADY MALAKHOV,
        Defendant.
_____

   On August 2, 2024, Defendant Arkady Malakhov moved to conduct a video deposition of Yuriy Lobunets, pursuant to Federal Rule of Criminal Procedure 15. ECF No. 104. The government opposes the motion. ECF No. 106. Having reviewed the papers, the Court intends to deny Defendant's motion. Before doing so, however, the Court will provide Defendant with a final opportunity to submit further evidence and argument supporting his motion.

   Rule 15(a)(1) permits a party to move that a prospective witness be deposed in order to preserve his testimony for trial. The court may grant the motion "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "It is well-settled that the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial." *United States v. Spencer*, 362 F. App'x 163, 164 (2d Cir. 2010) (summary order). "Thus, the moving party must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *Id.*

   At this juncture, the Court is inclined to conclude that Defendant has not met these three requirements.

   First, Defendant alleges that Dr. Lobunets is unavailable because he is a citizen of Ukraine, living in Ukraine, who is unwilling "or [unable] to risk traveling to the United States" given the military conflict in Ukraine. ECF No. 104 at 4-5.

"Unavailability is to be determined according to the practical standard of whether under the circumstances the party seeking to take the deposition has made a good-faith effort to produce the person to testify at trial." *United States v. Ionia Mgmt. S.A.*, No. 07-CR-134, 2007 WL 2325199, at *2 (D. Conn. Aug. 9, 2007). Courts have held that a witness may be deemed unavailable where the witness (a) is a foreign national residing outside the United States (and thus beyond the subpoena power of the court), and (b) refuses to attend trial, despite counsel's efforts to induce his appearance. *See, e.g.*, *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984) (Swiss nationals in Switzerland found unavailable because they were "not amenable to service of United States process" and refused to appear voluntarily except on unreasonable conditions); *United States v. Little*, No. 12-CR-647, 2014 WL 1744824, at *2 (S.D.N.Y. Apr. 23, 2014) (UK citizen who was unwilling to come to the United States deemed unavailable); *United States v. Grossman*, No. 03-CR-1156, 2005 WL 486735, at *3-4 (S.D.N.Y. Mar. 2, 2005) (Canadian resident who refused to travel to the United States was unavailable).

In this case, Defendant proffers no evidence to establish that Dr. Lobunets is unwilling to travel to the United States or that Defendant made good-faith efforts to procure his attendance. To be sure, a robust evidentiary showing is not necessarily required; counsel's representations regarding unavailability may be sufficient. *See United States v. Vilar*, 568 F. Supp. 2d 429, 438 (S.D.N.Y. 2008) (rejecting the argument that a movant must present witness affidavits in order to establish unavailability). Yet while "[c]ourts may accept the assertions of counsel on the facts relating to unavailability," they need not do so if those assertions are "conclusory" or "speculative." *Grossman*, 2005 WL 486735, at *3. In this case, the representations offered by counsel in the memorandum of law are conclusory and vague. *See generally* ECF No. 104. It is merely alleged that "Dr. Lobunets is not willing or able to risk traveling to the United States."

ECF No. 104 at 5. There are no details illuminating when Dr. Lobunets communicated his unwillingness to travel; what efforts Defendant made to convince Dr. Lobunets to attend; or what specific concerns Dr. Lobunets has about travelling to the United States. Without such facts—whether supported by a more detailed declaration by counsel, an affidavit from Dr. Lobunets, or other evidence—the Court is unable to conclude that Dr. Lobunets is unavailable.

Second, Defendant states that Dr. Lobunets's testimony is "clearly material" because he was the "Principal Investigator" on the project that gave rise to Defendant's charges. *Id.* at 6. Defendant writes, "His testimony will be directly relevant to the questions of when he applied for authorization to work in the United States, when he arrived in the United States and whether he completed the required work during the award period. Answers to all such questions will be relevant to whether [Defendant] had the requisite intent to commit the crimes charged." *Id.*

"To satisfy the materiality requirement," Defendant must show "that the proposed testimony would exculpate [him]." *United States v. Al Fawwaz*, No. 98-CR-1023, 2014 WL 627083, at *1 (S.D.N.Y. Feb. 18, 2014). "There is no requirement that the testimony being sought must surely acquit the defendant," but it must "challenge central aspects of the government's allegations." *United States v. Alexandre*, No. 22-CR-326, 2022 WL 9843495, at *2 (S.D.N.Y. Oct. 17, 2022).

Defendant's proffer is not enough to establish materiality. In the first place, Defendant only discloses the *topics* about which Dr. Lobunets could testify, not the substance of his testimony. *See Vilar*, 568 F. Supp. 2d at 440 (stating that the "proffer must alert the district court to the substance of the evidence that is at peril of being excluded"). It may well be that Dr. Lobunets could provide testimony on several relevant topics, but that is a far cry from providing testimony that "challenge[s] central aspects of the government's allegations." *Alexandre*, 2022

3

WL 9843495, at *2.  And as the government points out, ECF No. 106 at 9, to the extent Dr. Lobunets's testimony will simply establish various historical facts about the project, his testimony would likely be cumulative and, thus, immaterial.  *See Al Fawwaz*, 2014 WL 627083, at *1 ("[T]he proposed testimony must be non-cumulative of other evidence and admissible.").  Without a more detailed proffer (1) describing what Dr. Lobunets's testimony would be and (2) explaining how such testimony would exculpate Defendant or "go directly to negating an essential element of the government's case," *Ionia Mgmt.*, 2007 WL 2325199, at *11, Defendant has not established materiality.

Third and finally, Defendant must show that Dr. Lobunets's testimony "is necessary to prevent a failure of justice."  *Id.* at 3.  "[T]estimony 'is necessary to prevent a failure of justice' when the witness is unavailable, his testimony is material, and there are no substantial countervailing factors militating against the taking of the deposition."  *Grossman*, 2005 WL 486735, at *3.

The major countervailing factor is timeliness.  Under the magistrate judge's scheduling order, all "dispositive and non-dispositive" pretrial motions were due by June 2, 2023.  ECF No. 64 at 1.  Defendant did not file his motion until more than one year later, and less than two months before the scheduled trial date.  ECF No. 104.  The government points out that Defendant was aware since at least April 2024 that he intended to call Dr. Lobunets as a witness.  ECF No. 106 at 6.

"It is within the discretion of the trial court to deny the motion if it is made after unexcused delay, or on the eve of trial."  *United States v. Whiting*, 308 F.2d 537, 542 (2d Cir. 1962) (internal quotation marks and citation omitted); *United States v. Aggarwal*, 17 F.3d 737, 742 (5th Cir. 1994) (motion for deposition that will delay trial may be rejected as untimely).  Here, Defendant does

4

not articulate why he waited until now to file his motion. Presumably, he has been aware for months, if not years, that Dr. Lobunets (1) may have relevant testimony, (2) is of advanced age, and (3) lives in conflict zone. To the extent the deposition would necessitate an adjournment of the trial, the Court would be within its discretion to deny the motion on timeliness alone.

For all of these reasons, the Court is inclined to deny Defendant's motion to conduct a video deposition. The Court grants Defendant leave to supplement his submission with additional evidence and argument to address the issues that the Court has identified herein. In addition, Defendant shall respond to the government's alternative proposal of live video testimony.[1] *See* ECF No. 106 at 6 n.6. Defendant's supplemental submission is due by August 19, 2024. The government may respond to the supplemental submission by August 23, 2024.

IT IS SO ORDERED.

Dated: August 14, 2024
        Rochester, New York

                                           _____
                                           HON. FRANK P. GERACI, JR.
                                           United States District Judge
                                           Western District of New York

---

[1] In deciding whether to permit live video testimony at trial, a district court considers the same factors relevant to a Rule 15 deposition. *See United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999). Assuming that Defendant can present an adequate proffer in connection with his supplemental submission, the Court is inclined to order live video testimony over a deposition. Defendant's position on the matter is requested.